IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHERYL RING, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 2022 CV 895 |
| | ) | |
| JEROME LARKIN, in his capacity as | ) | |
| Administrator of the Attorney Registration | ) | |
| and Disciplinary Commission of Illinois; | ) | |
| AMY BOWNE, in her capacity as Head | ) | |
| of the Illinois Supreme Court Rules | ) | |
| Committee; TIMOTHY LOUIS | ) | |
| BERTCHY, in his capacity as Chairperson | ) | |
| of the Attorney Registration and | ) | |
| Disciplinary Commission of Illinois; | ) | |
| and JOHN H. SIMPSON, in his capacity as | ) | |
| Vice Chairperson of the of the Attorney | ) | |
| Registration and Disciplinary Commission | ) | |
| of Illinois; | ) | |
| *Defendants*. | ) | |

**VERIFIED COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff Sheryl Ring ("Plaintiff") hereby complains and alleges against Defendant, Jerome Larkin, in his capacity as Administrator of the Attorney Registration and Disciplinary Commission of Illinois, AMY BOWNE, in her capacity as Head of the Illinois Supreme Court Rules Committee; TIMOTHY LOUIS BERTCHY, in his capacity as Chairperson of the Attorney Registration and Disciplinary Commission of Illinois; and JOHN H. SIMPSON, in his capacity as Vice Chairperson of the of the Attorney Registration and Disciplinary Commission of Illinois; as follows:

**Preliminary Statement**

Forty-seven states – all but Illinois, Alabama, and Mississippi – prohibit lawyers and judges from engaging in gender identity discrimination in their Rules of Professional Conduct, either explicitly in their Rule 8.4, or by following the United States Supreme Court's decision in *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020), that sex discrimination includes gender identity discrimination. As Justice Gorsuch explained, "it is impossible to discriminate against a person for being homosexual or transgender without discriminating against that individual based on sex." 140 S. Ct. at 1741.

The Illinois ARDC, however, is the sole Illinois state agency to ignore *Bostock*. The ARDC has taken the position – to attorneys requesting ethics advice, to attorneys making ethics complaints, in court filings, and in public statements – that gender identity discrimination is not within the prohibition on sex discrimination in the Illinois Rules of Professional Conduct, notwithstanding *Bostock*. As a result, transgender attorneys in Illinois are faced with rampant discrimination without redress. This action seeks to put an end to this discrimination.

**General Allegations Common to All Counts**

1. Plaintiff is a natural person and resident of the County of McHenry in the State of Illinois.
2. At all times herein relevant, Plaintiff was and is a licensed attorney in good standing in the State of Illinois.
3. Plaintiff's license has never been disciplined.
4. Plaintiff is, and identifies as, a transgender woman.
5. Plaintiff owns her own law practice where she works as a sole practitioner in the areas of civil rights and discrimination, consumer law, eviction defense, foreclosure defense, debt collection defense, and tenants' rights.

6. Defendant Jerome Larkin is a natural person and administrator of the Illinois Attorney Registration and Disciplinary Commission of Illinois (the "ARDC").

7. The ARDC, at all times herein relevant, was and is responsible for the registration of attorneys and regulation of the practice of law in Illinois.

8. The ARDC is vested with its authority by the Illinois Supreme Court.

9. As part of its authority, the ARDC has sole authority to investigate and prosecute disciplinary action against attorneys for violations of the Illinois Rules of Professional Conduct.

10. The Illinois Rules of Professional Conduct govern the conduct of attorneys engaged in the practice of law in Illinois.

11. TIMOTHY LOUIS BERTCHY is named here in his capacity as Chairperson of the Attorney Registration and Disciplinary Commission of Illinois.

12. JOHN H. SIMPSON is named here in his capacity as Vice Chairperson of the of the Attorney Registration and Disciplinary Commission of Illinois.

13. Defendant AMY BOWNE is named here in her capacity as Head of the Illinois Supreme Court Rules Committee.

14. The Rules Committee is vested with authority to consider and enact new Illinois Supreme Court Rules, including without limitation the Rules of Professional Conduct.

15. At all times herein relevant, Illinois Rule of Professional Conduct 8.4(j) prohibited discrimination by attorneys on the basis of several protected classes, as follows:

> It is professional misconduct for a lawyer to . . . violate a federal, state or local statute or ordinance that prohibits discrimination based on race, sex, religion, national origin, disability, age, sexual orientation or socioeconomic status by conduct that reflects adversely on the lawyer's fitness as a lawyer. Whether a discriminatory act reflects adversely on a lawyer's fitness as a

> lawyer shall be determined after consideration of all the circumstances, including: the seriousness of the act; whether the lawyer knew that the act was prohibited by statute or ordinance; whether the act was part of a pattern of prohibited conduct; and whether the act was committed in connection with the lawyer's professional activities. No charge of professional misconduct may be brought pursuant to this paragraph until a court or administrative agency of competent jurisdiction has found that the lawyer has engaged in an unlawful discriminatory act, and the finding of the court or administrative agency has become final and enforceable and any right of judicial review has been exhausted.

16. Illinois Rule of Professional Conduct 8.4(j) does not state that "gender identity," "gender expression," or being transgender, gender non-conforming, or non-binary is a prohibited basis for discrimination by lawyers.

17. On the other hand, most other states, including *inter alia* California and Pennsylvania, already prohibit discrimination by lawyers on the basis of gender identity and expression.

18. As such, Plaintiff has made several requests to the Illinois Supreme Court Rules Committee, including without limitation Request No. 19-09 to Defendants Bowne, to add gender identity and expression to the list of prohibited grounds of discrimination in Illinois.

19. The ARDC recommended against adoption of each of those requests.

20. None of those requests was adopted or recommended by the Rules Committee.

21. Plaintiff faces daily discrimination from lawyers and judges on account of her gender identity, and has experienced that discrimination on a daily basis for several years.

22. In or around March 2019, Plaintiff wrote to the Attorney Registration and Disciplinary Commission on two occasions, reporting several instances of this discrimination by attorneys and judges and requesting that the ARDC take action to educate lawyers and judges regarding gender identity.

23. The only response the ARDC sent Plaintiff to that letter was a correspondence stating that discrimination on the basis of gender identity does not violate the Rules of Professional Conduct in Illinois.

24. Plaintiff continued to contact the ARDC to request that the rules on gender identity to changed to protect transgender attorneys.

25. One employee of the ARDC told Plaintiff in 2018 that "if we allow transgenders to practice law in Illinois, people will change gender just to avoid being disbarred."

26. Another employee of the ARDC told Plaintiff that "we have the obligation to regulate the names and genders of attorneys in Illinois for the benefit of the public."

27. Wendy Muchman and Lea Gutierrez also told Plaintiff that the only change which would be made would be to add a "non-binary" gender marker to the annual registration form, because they believed that "non-binary" and transgender are synonymous.

28. When Plaintiff said that "non-binary" and "transgender" were not synonyms, Gutierrez told Plaintiff she was wrong.

29. Plaintiff also noted that the "non-binary" annual registration does not solve the problem of transgender attorneys and litigants being deadnamed and misgendered.

30. In response, Gutierrez told Plaintiff that was not something the ARDC would ever regulate.

31. Since then, the United States Supreme Court decided *Bostock v. Clayton County*, 140 S. Ct. 1731, 1741 (2020), which held that "it is impossible to discriminate against a person for being homosexual or transgender without discriminating against that individual based on sex."

32. Nevertheless, the ARDC continues to interpret Rule 8.4(j) in a manner which excludes gender identity as a protected class.

33. As a result, Plaintiff continues to face discrimination from judges, court clerks, and other attorneys who consider such discrimination to be permitted by the Rules of Professional Conduct.

34. Since 2019, that discrimination includes, without limitation, the following:

    a. The Clerk of Court of Winnebago County, who refused to use Plaintiff's legal name and female pronouns and disclosed Plaintiff's deadname and male pronouns until Plaintiff filed suit in *Ring v. Klein,* No. 2021 CH 03770;

    b. A retired judge and current mediator who interrupted a mediation session to ask Plaintiff whether she had surgically transitioned and request a genital inspection;

    c. A Cook County mandatory arbitration panel which orally ruled that Plaintiff could not represent a client because she is transgender and therefore not a person capable of being an attorney;

    d. An attorney who asks Plaintiff "what gender are you today?" at the beginning of every hearing between herself and the Plaintiff;

    e. Multiple firms at which every attorney purposefully misgenders Plaintiff in court, including after being corrected;

    f. Several attorneys who refer to Plaintiff as "it";

    g. Attorneys who share "before" and "after" pictures of Plaintiff in open court without Plaintiff's permission, including offering them to the presiding judge; and

    h. Other discriminatory acts and practices.

35. Plaintiff is intentionally misgendered by attorneys on a daily basis in her practice.

36. This conduct occurs because the ARDC does not interpret "sex" in Rule 8.4(j) to include "gender identity."

37. Each of the persons whose discrimination against Plaintiff is described in paragraph 34 told Plaintiff that they do so because it is permitted by the ARDC.

38. In light of *Bostock*, the ARDC's refusal to interpret "sex" as encompassing gender identity, expression, or transgender status is arbitrary, capricious, and unlawful.

39. Litigants who sue for gender identity discrimination in Illinois state courts under *Bostock* and *Hobby Lobby Stores, Inc. v. Sommerville*, 2-19-0362, at *1 (Ill. App. Ct. Aug. 13, 2021), are subjected to the very same discrimination in the courtroom where they are attempting to seek redress.

40. As such, the ARDC's conduct amounts to an implicit rejection of *Bostock*.

41. On or about October 24, 2021, Plaintiff filed suit against Defendant Larkin in the Circuit Court of Cook County, Illinois, seeking a declaratory judgment that "sex" in Rule 8.4(j) encompasses gender identity.

42. That case was styled *Ring v. Larkin*, No. 2021 CH 05056.

43. On or about January 24, 2022, Judge Raymond Mitchell dismissed the suit for lack of subject matter jurisdiction.

44. In that Order, Judge Mitchell stated that circuit courts have no authority to review the decisions of the ARDC, and as such the proper venue was an exercise of the Illinois Supreme Court's authority under Supreme Court Rule 383.

45. Plaintiff timely appealed that ruling.

46. Plaintiff also filed a motion for supervisory review as recommended by Judge Mitchell under Rule 383.

47. On or about February 10, 2022, the Illinois Supreme Court denied Plaintiff's motion.

48. Throughout the pendency of the state court litigation, Plaintiff repeatedly informed the ARDC that she was seeking no money damages, and was asking solely for a public statement from the ARDC that gender identity discrimination was prohibited by the Rules of Professional Conduct.

49. Plaintiff also offered to pay the ARDC's court costs if they agreed to make that statement.

50. The ARDC has made other similar statements in the past, for example a 2020 "statement on racism" which reminded attorneys that racism violates the Rules of Professional Conduct.

51. The ARDC rejected each of the Plaintiff's proposals.

52. The ARDC's actions are motivated not by protecting the public, but solely by animus towards transgender attorneys and litigants on the basis of gender identity and expression.

53. There is no rational basis to permit transgender attorneys and litigants to be misgendered, deadnamed, and subjected to genital inspections.

54. Plaintiff's sole goal with this lawsuit is to create an environment where Illinois courts are open and welcoming to people of all gender identities.

55. By repeatedly and publicly refusing to prohibit gender identity discrimination, Defendants have issued what is tantamount to an invitation to discriminate to the attorneys of Illinois.

### COUNT I – VIOLATIONS OF 42 U.S.C. 1983
(Against the ARDC Defendants; action for money damages)

56. Plaintiff restates and realleges paragraphs 1-55 of this Complaint as if fully set forth herein.

57. The ARDC's actions therefore violate Section 1983 of the Civil Rights Act, 42 U.S.C. 1983.

58. The ARDC is denying Plaintiff equal treatment because the ARDC only allows discrimination against transgender attorneys in this matter.

59. As a result of Defendants' conduct, Plaintiff is forced to disclose her gender identity to clients and advise them it may damage their cases to retain her.

60. As a result of the Defendants' conduct, Plaintiff is forced to be subjected to discrimination that other attorneys who are not transgender do not experience.

61. The ARDC uses its position as a state agency to deprive Plaintiff of equal protection from discrimination in the Rules of Professional Conduct.

### COUNT II – VIOLATIONS OF 42 U.S.C. 1983
### (Against the ARDC Defendants; action for injunctive relief)

62. Plaintiff restates and realleges paragraphs 1-61 of this Complaint as if fully set forth herein.

63. Plaintiff has no adequate remedy at law, because the humiliation of misgendering and deadnaming will continue until Defendants protect gender identity from discrimination.

64. The ARDC is the only Illinois state agency which refuses to include "gender identity" within the definition of "sex" as established by *Bostock* and *Sommerville*.

65. Defendants' continued refusal to protect gender identity from discrimination deprives Plaintiff of equal treatment in her practice as an attorney under color of state law.

### COUNT III – VIOLATIONS OF 42 U.S.C. 1983
### (Against *Bowne*)

66. Plaintiff restates and realleges paragraphs 1-65 of this Complaint as if fully set forth herein.

67. The Illinois Supreme Court Rules Committee refuses to consider prohibitions on gender identity discrimination because they would protect transgender attorneys and litigants.

68. As such, Defendants' actions are motivated solely by animus towards transgender persons.

### COUNT IV – VIOLATIONS OF FOURTEENTH AMENDMENT EQUAL PROTECTION

69. Plaintiff restates and realleges paragraphs 1-68 of this Complaint as if fully set forth herein.

70. Defendants treat Plaintiff unequally as set forth herein because she is transgender.

## COUNT V – UNCONSTITUTIONAL TAKING

71. Plaintiff restates and realleges paragraphs 1-70 of this Complaint as if fully set forth herein.

72. Plaintiff has a property interest in her law license and legal practice.

73. Defendants' actions constitute an unlawful interference with Plaintiff's ability to practice law.

74. By allowing discrimination against Plaintiff and other transgender attorneys, Defendants reduce the value of Plaintiff's license and ability to practice.

75. By reducing the ability of Plaintiff to practice law and use her license, Defendants have taken Plaintiff's property without due compensation.

## COUNT VI – TORTIOUS INTERFERENCE WITH ECONOMIC EXPECTANCY

76. Plaintiff restates and realleges paragraphs 1-75 of this Complaint as if fully set forth herein.

77. Plaintiff has lost clients because of the discrimination to which she is subjected.

78. Because of Defendants' conduct, Plaintiff is forced to disclose she is transgender to her clients.

79. Some of those clients then choose other attorneys because they do not want an additional risk in their cases caused by an attorney whose gender identity is made an issue by opposing counsel.

80. Other clients terminate Plaintiff because of the additional risk caused by her gender identity.

81. Plaintiff had a reasonable expectation of an economic benefit from those cases.

82. If Defendants prohibited gender identity discrimination, Plaintiff would not have lost those clients.

WHEREFORE, Plaintiff respectfully requests this Honorable Court order the following relief:

(a) Holding and declaring that "sex" in Illinois Rule of Professional Conduct 8.4(j) includes and encompasses gender identity, gender expression, non-binary status, and transgender status;

(b) Enjoining the ARDC from refusing to enforce Rule 8.4(j) in a manner inconsistent therewith;

(c) Ordering the ARDC to provide notice to attorneys that "sex" in Illinois Rule of Professional Conduct 8.4(j) includes and encompasses gender identity, gender expression, non-binary status, and transgender status; and

(d) Damages in an amount to be proven at trial, plus costs of suit.

Respectfully Submitted,

/s/ Sheryl Melanie Ring
Sheryl Ring, Esq.

Sheryl Ring, Esq. #6311043/#62447
518 South Route 31, Suite 113
McHenry, Illinois 60050
(847) 975-2643
Sheryl@sherylringlaw.com

I, Sheryl Ring, state under penalty of perjury pursuant to the Laws of the United States that the facts set forth herein are true and correct to the best of my knowledge and belief.

Dated: February 18, 2022 /s/ Sheryl Ring